UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JANICE GEORGE-MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-027 CAN |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On April 25, 2007, Plaintiff's counsel filed a motion for attorney's fees pursuant to the

Equal Access to Justice Act (EAJA).  On May 7, 2007, the Social Security Administration (SSA)

filed a response in opposition to this motion.  On June 4, 2007, Plaintiff's counsel filed a reply in

support of its motion.  For the following reasons, Plaintiff's counsel's motion is **GRANTED**.

**I.    PROCEDURAL BACKGROUND**

On December 12, 2002, Plaintiff Janice George-Miller (Miller) filed an application for

Supplemental Security Income under Title II of the Social Security Act (Tr. 48-50).  See 42

U.S.C. §§ 416(I), 423, 1382c(a)(3)(A).  An Administrative Law Judge (ALJ) evaluated the facts

and evidence in Miller's file in accordance with the sequential analysis proscribed by the agency.

See 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920; Briscoe, 425 F.3d at 352.  The ALJ found

Miller's testimony to be not fully credible (Tr. 15).  He also gave reduced weight to the opinions

of Dr. Leininger and Dr. Wax because he concluded that the opinions were not supported by the

objective medical evidence in the record (Tr. 15-16).  Consequently, the ALJ concluded that

Miller was not disabled and could perform a range of medium work, including her past relevant

work as a CNA and a packer (Tr. 16).  On August 12, 2005, the ALJ denied Miller's claim (Tr. 11-18).

On January 10, 2006, Miller filed a complaint in this Court seeking review of the ALJ's decision.  On March 26, 2007, this Court issued an Opinion and Order that remanded this case back to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g).  This Court remanded this case for further consideration because it could not determine whether the ALJ's decision to not afford controlling weight to Miller's treating physician, Dr. Leininger, was supported by substantial evidence or not. However, this Court found that the ALJ's conclusions with regard to Miller's credibility, other physicians, and past relevant work were supported by substantial evidence.

Miller's counsel argues that the SSA was not substantially justified in relying on the ALJ's error.  As a result, Miller's counsel filed a motion for attorney's fees on April 25, 2007 and a supplemental motion on June 4, 2007.  This Court may enter an order and opinion in this matter based on the parties' consent and 28 U.S.C. § 636(c).

## II.    ANALYSIS

Under 28 U.S.C. § 2412, "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency."  A party seeking an award of fees must be a prevailing party, timely file a petition, request reasonable fees, and allege that the United States or agency was not substantially justified.  See 28 U.S.C. § 2412(d)(1)(B).  The only issue before this Court is whether the SSA was substantially justified.

Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct or her litigation position lacked substantial justification.  <u>Cunningham v. Barnhart</u>, 440 F.3d 862, 863 (7th Cir. 2006).  A position can be justified even though it is not correct.  <u>Jackson v. Chater</u>, 94 F.3d 274, 279 (7th Cir. 1996).  Substantial justification is if a reasonable person could think it correct, or if reasonable persons could differ as to the appropriateness of the contested action.  <u>Id</u>.; <u>Daniel v. Barnhart</u>, 2006 WL 3346880 at 1 (S.D. Ind. 2006).  The ALJ"s decision is considered part of the Commissioner's pre-litigation conduct.  <u>Cunningham</u>, 440 F.3d at 863-64.  The Commissioner bears the burden of proving that his position was substantially justified.  <u>Golembiewski v. Barnhart</u>, 382 F.3d 721, 724 (7th Cir. 2004).

The 7th Circuit has addressed what constitutes substantial justification in some detail.  On the one hand, the 7th Circuit found in <u>Cunningham</u> that the SSA was substantially justified in defending an ALJ decision where the ALJ simply failed to meet the articulation requirement.  However, in <u>Golembiewski</u> the 7th Circuit found it was an abuse of discretion for the district court to find the SSA's position to be substantially justified when the ALJ had committed several errors such as failing to address key issues such as the claimant's credibility.  This case, like most, falls within the vast spectrum between these two cases.

The SSA argues that this case is more like <u>Cunningham</u> because the ALJ committed only one error, which was the ALJ's failure to engage in the minimal analysis or "connect the dots."  While the SSA is correct that this Court only found one error, the SSA fails to consider the severity of the ALJ's error.  While there were several errors in <u>Golembiewski</u>, the 7th Circuit indicated that when an ALJ violates clear and longstanding judicial precedent and the SSA's

own regulations, the SSA's position was not substantially justified.  382 F.3d at 724.  The ALJ in this case committed this error.

There is longstanding precedent that medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence in the record.  Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000).  It is crucial that the ALJ not only explain why a doctor's opinion is inconsistent, but also how the doctor's opinion is either internally inconsistent or inconsistent with other evidence.  In the present case, the ALJ failed to do both.  Not only did the ALJ fail to provide proper analytical bridge from the evidence to his conclusion, but he also failed to point to any evidence to begin that bridge.

The SSA argues that the ALJ referenced objective medical evidence before and after his discussion of Miller's treating physician, Dr. Leinenger.  However, most of the discussion of the evidence in the record is with regards to the analysis of Miller's credibility.  Thus, it is an extraordinary leap in logic for any person to assume, let alone follow, that this was the objective medical evidence to which the ALJ was referring.   Further, this Court agrees with the SSA that it is a reasonable assumption that the ALJ found the Dr. Leinenger was not consistent with the opinion of a consulting physician, Dr. Charlot.   But as this Court pointed out, Dr. Charlot was not a treating physician, and under Gudgel v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003) the ALJ may not discount a treating physician's opinions by solely relying on a non-treating

4

physician, which it appears the ALJ did.[1]  Thus, even if this Court assumes the ALJ was referring

to Dr. Charlot as the objective medical evidence, the ALJ's analysis was clearly wrong.

In summary, the ALJ disregarded established precedent of the treating physician rule.

No reasonable mind could find the ALJ's analysis to be correct.  This case is more like

Golembiewski, which means the SSA's position was not substantially justified.

**III.**     **CONCLUSION**

The SSA's position was not substantially justified.  Plaintiff's supplemental motion for

attorney fees is **GRANTED** [Doc. No. 36], and Plaintiff's original motion is, in turn, **DENIED**

**AS MOOT** [Doc. No. 28].  The SSA is to pay Plaintiff an award of attorney's fees to be paid to

the Plaintiff's attorney in the amount of $6,242.90.

**SO ORDERED.**

Dated this 13th Day of June, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

---

[1]This Court notes it erroneously cited to Dr. Bastnagel in its opinion (Doc. No. 26, 10).
The proper doctor referred to by the ALJ is Dr. Charlot.  However, both were non-treating
physicians, so there is no error in the Court's analysis.